UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERON N. LYNCH,

    Plaintiff,

vs.

NAPA STATE HOSPITAL; LINDA CLARK; JEFF (last name unknown); VIRGINIA CRUZ; KEVIN GOOSBY; and DIRECTOR OF NAPA STATE HOSPITAL,

    Defendants.

No. C 08-5206 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a former patient at Napa State Hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff contends that the defendant hospital director failed to protect him from various violations of his rights. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no allegation here that the director himself or herself actually committed the violations, only that the director did not prevent them. This claim will be dismissed with leave to amend.

Plaintiff contends that defendant Linda Clark, a recreational therapist, repeatedly declined to allow him to attend a dance class because he is black. This is sufficient to state a claim.

Plaintiff contends that a staff member named Jeff, whose last name he does not know, frisked him repeatedly and did not do the same to others. He provides no indication

2

of when this was, and although he does refer to his having physical and mental impairments, he does not claim that the searches were because of them, or were for some other impermissible reason. This claim will be dismissed with leave to amend.

Plaintiff contends that Virginia Cruz, supervisor of his living unit, did not provide him with hot meals after sundown during Ramadan for three days as punishment for his being a Muslim. This is sufficient to state a claim.

Lastly, plaintiff contends that defendant Kevin Goosby used excessive force against him by twisting a television remote control out of plaintiff's hand, almost pulling him out of his seat. Plaintiff does not say in the complaint why he was at Napa State Hospital, which makes it impossible to be sure what legal rules apply to his excessive force claim, but given the function of that institution and the fact that plaintiff now is in state prison, it may be that he was there for restoration of competency, that is, was a pretrial detainee. If so, the Due Process Clause of the Fourteenth Amendment would protect him from the use of force that amounts to punishment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). If that is the applicable standard, he has not stated a claim, as the facts he alleges are that Goosby twisted his hand in an effort to get the remote control, not to punish him. This claim will be dismissed with leave to amend to say why plaintiff was at the hospital (which would affect the analysis) and any facts that would show that the incident amounted to use of excessive force.

## CONCLUSION

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those identified above as sufficient to proceed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the

dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 5, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\LYNCH5206.DWLTA.wpd

4