1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   THERON N. LYNCH,

8                    Plaintiff,                    No. C 08-5206 PJH (PR)

9       vs.                                        **ORDER OF SERVICE**

10  NAPA STATE HOSPITAL; Unit
    Supervisor JIM JONES; LINDA CLARK;
11  JEFF BONDS; VIRGINIA CRUZ; KEVIN
    GOOSBY; and DIRECTOR OF NAPA
12  STATE HOSPITAL,

13                   Defendants.
                                              /
14

15       This is a civil rights case filed pro se by a former patient at Napa State Hospital.  The

16  complaint was dismissed with leave to amend in the initial review order.  Plaintiff has

17  amended.  The court will now review the amended complaint to determine if it may

18  proceed.  *See* 28 U.S.C. § 1915A(a) (federal courts must screen cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity).

20                                  **DISCUSSION**

21       In the initial review order the court identified two claims that were sufficient to

22  proceed:  (1) His claim that defendant Linda Clark, a recreational therapist, repeatedly

23  declined to allow him to attend a dance class because he is black; and (2) his claim that

24  Virginia Cruz, supervisor of his living unit, did not provide him with hot meals after sundown

25  during Ramadan for three days as punishment for his being a Muslim.  His claims against

26  the hospital director, staff member Jeff, and defendant Goosby were dismissed with leave

27  to amend.  The claims that were dismissed with leave to amend are reviewed below.

28  ///

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    In the amended complaint plaintiff asserts that Unit Supervisor J. Jones should have

2 prevented the violations of his rights by others.  This is not sufficient.  *See Taylor v. List*,

3 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances there liability under section

4 1983 solely because defendant is the superior of someone who violated plaintiff's rights

5 (respondeat superior liability)).  The claim against Jones will be dismissed without leave to

6 amend.

7    Plaintiff contends that defendant Jeff, who he now names as "Jeff Bonds," patted

8 him down and used a metal detector to search him, whereas he did not do so to the other

9 patients, and that there was no rational basis for the difference in treatment.  This claim is

10 sufficient to proceed.

11    Plaintiff contends that defendant Goosby twisted a television remote control out of

12 his hand in the course of a dispute over use of the television.  Plaintiff states that he was a

13 pretrial detainee, committed to the hospital for restoration of competency, which means that

14 the Due Process Clause of the Fourteenth Amendment would protect him from the use of

15 force that amounts to punishment.  *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)

16 (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)).  Because it is clear from the

17 allegations that the minimal use of force was not for punishment but to gain control of the

18 remote, this claim will be dismissed without further leave to amend.

19    It is not clear whether plaintiff intended to sue the Napa State Hospital as an entity.

20 Assuming he did, state agencies such as the hospital cannot be sued in federal court, *see*

21 *Brown v. California Dept. Of Corr.*, No. 07-55409, slip op. at 785 (9th Cir. Jan. 22, 2009)

22 ((California Dept. of Corrections and California Board of Prison Terms are state agencies

23 entitled to Eleventh Amendment immunity), so the claim will be dismissed.

24    Finally, plaintiff has not named "Director Napa State Hospital" in the amended

25 complaint, so he or she no longer is a defendant.  *See Ferdik v. Bonzelet*, 963 F.2d 1258,

26 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer

27 defendants).

28 ///

1    As the court noted in the initial review order, plaintiff also has stated a claim against

2    defendants Clark and Cruz.

3                                              **CONCLUSION**

4    1.   Plaintiff's claims against Napa State Hospital, Kevin Goosby, the Director of

5    Napa State Hospital, and J. Jones are **DISMISSED** without further leave to amend.

6    2.   The clerk shall issue summons and the United States Marshal shall serve,

7    without prepayment of fees, copies of the complaint with attachments and copies of this

8    order on the following defendants:  Linda Clark; Jeff Bonds; and Virginia Cruz.  Plaintiff

9    states that the defendants can be found at Napa State Hospital.

10    3.   In order to expedite the resolution of this case, the court orders as follows:

11                a.   No later than sixty days from the date of service, defendants shall file a

12    motion for summary judgment or other dispositive motion.  The motion shall be supported

13    by adequate factual documentation and shall conform in all respects to Federal Rule of

14    Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

15    from the events at issue.  If defendants are of the opinion that this case cannot be resolved

16    by summary judgment, they shall so inform the court prior to the date their summary

17    judgment motion is due.  All papers filed with the court shall be promptly served on the

18    plaintiff.

19                b.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

20    court and served upon defendants no later than thirty days from the date the motion was

21    served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

22    which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

23    1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

24    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

25    exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

26    should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

27    which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

28    Cir. 2003).

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    c. If defendants wish to file a reply brief, they shall do so no later than fifteen

2 days after the opposition is served upon them.

3    d. The motion shall be deemed submitted as of the date the reply brief is

4 due.  No hearing will be held on the motion unless the court so orders at a later date.

5    4. All communications by plaintiff with the court must be served on defendants, or

6 defendants' counsel once counsel has been designated, by mailing a true copy of the

7 document to defendants or defendants' counsel.

8    5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

9 No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

10 parties may conduct discovery.

11    6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

12 informed of any change of address by filing a separate paper with the clerk headed "Notice

13 of Change of Address."  He also must comply with the court's orders in a timely fashion.

14 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

15 Federal Rule of Civil Procedure 41(b).

16    **IT IS SO ORDERED.**

17 Dated:  March 16, 2009.

18    PHYLLIS J. HAMILTON
   United States District Judge

19

20

21

22

23

24

25

26

27

28 G:\PRO-SE\PJH\CR.08\LYNCH5206.SERV.wpd

4

**United States District Court**
For the Northern District of California

1  **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2  If defendants move for summary judgment, they are seeking to have your case

3  dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4  Procedure will, if granted, end your case.

5  Rule 56 tells you what you must do in order to oppose a motion for summary

6  judgment. Generally, summary judgment must be granted when there is no genuine issue

7  of material fact--that is, if there is no real dispute about any fact that would affect the result

8  of your case, the party who asked for summary judgment is entitled to judgment as a matter

9  of law, which will end your case. When a party you are suing makes a motion for summary

10  judgment that is properly supported by declarations (or other sworn testimony), you cannot

11  simply rely on what your complaint says. Instead, you must set out specific facts in

12  declarations, depositions, answers to interrogatories, or authenticated documents, as

13  provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

14  documents and show that there is a genuine issue of material fact for trial. If you do not

15  submit your own evidence in opposition, summary judgment, if appropriate, may be entered

16  against you. If summary judgment is granted, your case will be dismissed and there will be

17  no trial.

18  **NOTICE -- WARNING (EXHAUSTION)**

19  If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

20  seeking to have your case dismissed.  If the motion is granted it will end your case.

21  You have the right to present any evidence you may have which tends to show that

22  you did exhaust your administrative remedies.  Such evidence may be in the form of

23  declarations (statements signed under penalty of perjury) or authenticated documents, that

24  is, documents accompanied by a declaration showing where they came from and why they

25  are authentic, or other sworn papers, such as answers to interrogatories or depositions.

26  If defendants file a motion to dismiss and it is granted, your case will be dismissed

27  and there will be no trial.

28